**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION**

JAMES ROBERT SMITH,

        Plaintiff,

                                      Case No.  07-0014281

v.

                                      Division    "J"

FRANK LOSAT,
DAVID GEE, as Sheriff of Hillsborough County,
HILLSBOROUGH COUNTY
SHERIFF'S OFFICE, HILLSBOROUGH COUNTY,
WILLIAM DARROW, CITY OF TAMPA,
DONNA MARIE MAZZOLA, and
ALAN LEO MAZZOLA.

                                      **DEMAND FOR JURY TRIAL**

        Defendants.

_____/

**SECOND AMENDED COMPLAINT**

        Plaintiff, JAMES ROBERT SMITH, by and through his undersigned attorneys, hereby files

his Second Amended Complaint and sues Defendants, FRANK LOSAT, DAVID GEE, as Sheriff

of Hillsborough County, HILLSBOROUGH COUNTY SHERIFF'S OFFICE, HILLSBOROUGH

COUNTY, WILLIAM DARROW, CITY OF TAMPA, DONNA MAZZOLA, and ALAN

MAZZOLA, as follows:

**PARTIES**

    1.      This is an action for damages that exceed $15,000.00, exclusive of interest, costs,

          and attorneys' fees.

    2.      Plaintiff, JAMES ROBERT SMITH ("Plantiff"), at all times material hereto, was a

          resident of Hillsborough County, Florida.

    3.      Defendant, FRANK LOSAT ("LOSAT"), at all times material hereto, is and was an

employee, agent or servant of the Hillsborough County, as a law enforcement officer with the Hillsborough County Sheriff's Office ("HCSO"), and was acting within the course and scope of his duties as a law enforcement officer with HCSO, and under the direction and supervision thereunder.

4.      Defendant, WILLIAM DARROW ("DARROW"), at all times material hereto, is and

was an employee, agent or servant of the CITY OF TAMPA, and was acting within the course and scope of his employment or agency as an investigator with the Construction Investigation Bureau, part of the CITY OF TAMPA, and under the direction and supervision thereunder.

5.      Defendant, CITY OF TAMPA ("CITY"), at all times material hereto, is and was a Florida municipal corporation located in Hillsborough County, organized under the laws of the State of Florida; and acted by and through its employees, agents or servants, including but not limited to Defendant DARROW.

6.      DAVID GEE, at all times material hereto, was the acting Sheriff for the Hillsborough County Sheriff's Office, in and for HILLSBOROUGH COUNTY.

7.      HILLSBOROUGH COUNTY is an unincorporated entity in the State of Florida, and HILLSBOROUGH COUNTY SHERIFF'S OFFICE is an entity or agency of HILLSBOROUGH COUNTY..

8.      Defendant, DONNA MAZZOLA ("MRS. MAZZOLA"), at all times material hereto, is and was a resident of Hillsborough County, Florida.

9.      Defendant, ALAN MAZZOLA ("MR. MAZZOLA"), at all times material hereto, is

2

and was a resident of Hillsborough County, Florida.

## GENERAL ALLEGATIONS

10.  In and prior to January, 2003, Plaintiff owned and operated a sign company, known as Sign Depot, located at 4802 No. Coolidge Avenue, Tampa, Florida, 33614.

11.  On or about January 4, 2003, Plaintiff and MR. MAZZOLA, entered into a contract ("Contract") whereby Plaintiff would construct a sign for Defendant's place of business, with individual letters to read "Mazzolas Little Italy".  Attached hereto as "Exhibit A" is a true and correct copy of said Contract (which Plaintiff inadvertently dated "1/4/0**2"**, as the new year had just begun).

12.  At the time the aforesaid parties entered into said Contract, MR. MAZZOLA gave to Plaintiff a check in the amount of $1,900.00, as one-half of the money due under the Contract, with the balance due and payable when Plaintiff was ready, willing and able to perform his obligations thereunder.

13.  In accordance with said Contract, Plaintiff ordered materials for said contract and within a couple or few weeks, had constructed said sign, with the exception of adding the neon to the sign for lighting, which Plaintiff does not add until the permit for installation of the sign can be pulled and the sign is ready to be installed, to minimize opportunity for damage thereto.  The neon for the sign was located at V&H Neon, who had prepared the neon for the sign, for which Plaintiff had paid.

14.  As MR. MAZZOLA had not yet taken possession of the space he was leasing for the intended restaurant, the sign could not be installed until the owner of the premises

3

obtained a Certificate of Occupancy for the premises where the restaurant was located, executed a notarized authorization to allow installation of said sign.

15.     Plaintiff had requested, on several occasions, from MR. MAZZOLA the executed authorization from the owner of the premises where the restaurant was to be located, but said authorization was never forthcoming.

16.     Plaintiff and MR. MAZZOLA had spoken, intermittently, from January to March, and, in fact, Plaintiff advised MR. MAZZOLA in or about mid March wherein Plaintiff advised MR. MAZZOLA that the sign was, basically, complete, with the exception of putting the neon lights into the sign letters, which Plaintiff stated he would do when the permit could be issued, in accordance with the foregoing, with respect to the space where the sign was to be placed.

17.     During the time in January after which Plaintiff had constructed the letters for the sign, through March, Plaintiff offered for MR. MAZZOLA to come by the shop to look at the sign (letters), but MR. MAZZOLA never did.

18.     MR. MAZZOLA apparently became frustrated with the fact that the sign could not be installed and perceived that Plaintiff was stalling installation for some reason, and contacted a friend of his, FRANK LOSAT ("DETECTIVE LOSAT"), a homicide detective with the Hillsborough County Sheriff's Office, to coerce Plaintiff to return MR. MAZZOLA's deposit of $1,900.00.

19.     On or about April 15, 2003, DETECTIVE LOSAT, arrived at Plaintiff's place of work, in his unmarked, undercover law enforcement vehicle, and began calling Plaintiff on Plaintiff's cell phone, which he had obtained from MR. MAZZOLA.

20. While DETECTIVE LOSAT was outside of Plaintiff's sign shop, a client of Plaintiff, Nick Plakatoris, arrived in the parking lot to visit Plaintiff.

21. As Mr. Plakatoris was in the parking lot, DETECTIVE LOSAT approached Mr. Plakatoris, identified himself as a law enforcement officer, and asked Mr. Plakatoris if he was Plaintiff, to which Mr. Plakatoris responded that he was not.

22. DETECTIVE LOSAT then advised Mr. Plakatoris that he was conducting an investigation and that he was not going to allow Mr. Plakatoris to leave the premises until he could confirm that Mr. Plakatoris was not Plaintiff.

23. At that point, DETECTIVE LOSAT presumably identified himself as a law enforcement officer and walked to the tenant next door to Plaintiff's space, and inquired of that tenant, at Mesa Cabinet Shop, as to whether the man who was identifying himself as Mr. Plakatoris was, in fact, Plaintiff, to which the tenant or employee/agent thereof apparently advised that the man was not Plaintiff.

24. At some time, later in the morning, or around noon, on that same day, April 15, 2003, Plaintiff took DETECTIVE LOSAT's call.

25. In that conversation, DETECTIVE LOSAT identified himself as a law enforcement officer with HCSO, and that he was investigating a theft complaint made by MR. and/or MRS. MAZZOLA. DETECTIVE LOSAT stated that he understood that Plaintiff had received $1,900.00 from the MAZZOLAs and that they had not been able to get in touch with him, that they wanted to know what was going on, and that they wanted their money back, and that he wanted Plaintiff to get the matter resolved that same day.

5

26. At that time, Plaintiff advised that he would try to get in touch with the MAZZOLAs, after which Plaintiff made at least 3 phone calls to the MAZZOLAs.

27. Later that day, DETECTIVE LOSAT and Plaintiff had another conversation in which DETECTIVE LOSAT advised Plaintiff that Plaintiff had 15 minutes to resolve the matter by delivering the deposit money back to the MAZZOLAs or by otherwise making arrangements with the MAZZOLAs for the return of their money, failing which DETECTIVE LOSAT advised Plaintiff that he was going to come to Plaintiff's place of business and arrest him for theft.

28. Plaintiff responded to the threat by telling the DETECTIVE LOSAT that he did not need to come to his business, that Plaintiff would meet DETECTIVE LOSAT at the HSCO office right then, and that he could arrest him right then.  At that point, DETECTIVE LOSAT told Plaintiff to calm down, that the matter could be resolved in other ways.  Plaintiff never again spoke with DETECTIVE LOSAT.

29. Either before or after this second phone conversation with DETECTIVE LOSAT, Plaintiff had conversations with MR. MAZZOLA wherein Plaintiff advised MR. MAZZOLA of the status of the sign, that it was completed with the exception of the installation of the neon, which was already prepared for installation. Plaintiff offered to MR. MAZZOLA to come over and look at the sign, and Plaintiff also advised that he needed a site plan of the premises where the sign was to be placed, along with the notarized authorization from the owner of the premises so that he can obtain a permit to install the sign.

30. Plaintiff had authority to install the sign as he had a contractor's authorization for

6

Plaintiff to act as a contractor.

31.     On the following day, Plaintiff contacted Internal Affairs for the HCSO, and spoke with a Detective Crumpler, who advised that he would take a report from Plaintiff over the phone, which information Plaintiff provided at that time.

32.     After receiving the details of the complaint from Plaintiff, Detective Crumpler advised Plaintiff that DETECTIVE LOSAT should not be investigating this matter, that it was a civil matter, and that DETECTIVE LOSAT would be instructed to cease his actions immediately.

33.     Within the next day or so, Plaintiff called DETECTIVE LOSAT's Supervisor, Sergeant J.T. (or J.D.) Burton, and advised Sgt. Burton of what DETECTIVE LOSAT had been doing.

34.     In response to Plaintiff's complaint, Sgt. Burton advised Plaintiff that he could handle the situation one of two ways: (1) give DETECTIVE LOSAT a good "ass-chewing" which would take care of the situation; or (2) Plaintiff could go down to the station and file a formal complaint.  Either way, Sgt. Burton advised Plaintiff that he would have DETECTIVE LOSAT in his office later that day and give him a good ass-chewing.

35.     Plaintiff never again spoke with Sgt. Burton.

36.     Within a couple of days after his conversation with Sgt. Burton, DETECTIVE LOSAT contacted V & H Neon, which manufactured the neon for the sign, and advised that he was conducting a "criminal investigation" involving Plaintiff in connection with a sign to be manufactured for MAZZOLA, and to inquire as to

7

whether they had in fact completed the neon for the sign, which a representative of V & H Neon confirmed was in fact manufactured.

37.    On or about April 17, 2003, MRS. MAZZOLA, filed a complaint with the HCSO, advising of a possible theft by the Plaintiff with regard to the subject sign, that she and her husband had left several messages with Plaintiff as to the status of the subject sign, that Plaintiff had not returned any of the messages, and that Plaintiff was very evasive concerning completion of the subject sign.

38.    Thereafter, Plaintiff had another conversation(s) with MR. MAZZOLA, wherein MR. MAZZOLA indicated to Plaintiff that he had called his friend off of Plaintiff, and that he wanted to go forward and get the sign completed and installed.  Plaintiff, again, advised MR. MAZZOLA that he needed a site plan of the premises and a notarized authorization signed by the owner of the property on which the premises were located so that he could obtain a permit to install the sign.

39.    After that conversation wherein MR. MAZZOLA confirmed that he wanted to go forward with final completion of the sign, in or about mid May, Plaintiff requested and and obtained engineering drawings of the sign, by Silcox Engineering, Inc., which drawings are required as a condition of issuance of the permit.

40.    Thereafter, in or around late May/early June, the Contractor handling the buildout for the MAZZOLA restaurant, based on information and belief and whose name is currently unknown, contacted Plaintiff and threatened Plaintiff to return MR. MAZZOLA's money to him.  After Plaintiff indicated to this man that Plaintiff was already intending to pursue legal action against LOSAT, the man advised that he did

8

not want to be involved, the conversation ended, and Plaintiff never heard from the man again.

41.   Thereafter, in June, Plaintiff received a call from WILLIAM DARROW ("DARROW"), who advised Plaintiff that he was with the an Investigator with the Construction Investigation Bureau, with the CITY OF TAMPA, and that Plaintiff's Contract with MR. MAZZOLA was illegal because there was no contractor named on it for purposes of pulling the permit, installation of the sign.

42.   DARROW further urged Plaintiff to return the $1,900.00 to the MAZZOLAs, failing which, DARROW had friends in the Office of the State Attorney and, although he understood that the matter had been previously determined to be "civil" in nature, that he would "write a report in such a way that it would assure his prosecution", or that "an arrest warrant will be issued", or words to that effect.

43.   Plaintiff responded to DARROW's threats by telling DARROW to just come and arrest him and stop threatening him.

44.   Thereafter, on or about October 28, 2003, at approximately 8:15 a.m., three to four HCSO plain clothes detectives arrived at Plaintiff's employment, put him in handcuffs, placed him in one of the undercover HCSO vehicles, and drove him to the Sam Seltzer's parking lot, on Dale Mabry, in Tampa, to meet a CITY OF TAMPA police officer, at which time Plaintiff was placed in the back of the marked CITY OF TAMPA police vehicle.

45.   Plaintiff was taken to Orient Road Jail, where he bonded out for $2,500.00 later that day.

46.    The Office of the State Attorney issued an Information charging Plaintiff with the following crimes:

    C    Count I: Grand Theft - Third Degree Felony, Fla. Stat. §812.014(2)(c)(1); and

    C    Count II: Acting in the Capacity of a Contractor Without a License - First Degree Misdemeanor, Fla. Stat. §489.127(1)(a)(b)(c) or (f),

in the matter of *State of Florida vs. James Robert Smith,* Case No.: 03-16112, *in the Circuit Court of the Thirteenth Judicial Circuit Court, in and for the State of Florida* ("subject criminal proceeding").

47.    On or about July 26, 2004, the Honorable Chet A. Tharpe, entered an Order Granting Motion to Dismiss Count II, Acting in the Capacity of a Contractor Without a License, and denied the Motion to Dismiss with respect to Count I.

48.    On or about September 20, 2004, the State of Florida dismissed Count I, Grand Theft, against Plaintiff.

49.    As a direct and proximate result of the foregoing, Plaintiff suffered out-of-pocket monies to be bonded out of jail.

50.    As a direct and proximate result of the foregoing, Plaintiff incurred attorney's fees and in defense of the subject criminal proceeding.

51.    As a direct and proximate result of the foregoing actions of any or combination of the Defendant's actions, Plaintiff suffered lost economic opportunities, lost profits and loss of goodwill of his business, along with damage to his reputation.

52.    DARROW prepared one or more investigation memoranda, and/or had conversations

with the Office of the State Attorney, in which he communicated information to the Office of the State Attorney, which communication he knew would be submitted to prosecuting authorities, and that the prosecuting authorities would rely thereon in deciding whether to file charges against Plaintiff.

53.   At all times prior to, and at the time of, Plaintiff's arrest there was an absence of probable cause that Plaintiff had committed any criminal offense.

54.   The Office of the State Attorney relied, in part, upon the information provided by DARROW, and MR. and MRS. MAZZOLA, in its decision to file charges against Plaintiff, and pursue the subject criminal proceeding.

55.   The Office of the State Attorney relied, in part, upon the evidence, and lack of evidence, submitted by DARROW, and MR. and MRS. MAZZOLA, and possibly other employees, agents or servants of the HCSO and the Tampa Police Department, as an agency on behalf of the CITY OF TAMPA, in its decision to file charges against Plaintiff, and pursue the subject criminal proceeding.

56.   All of the aforementioned acts and omissions of LOSAT, DARROW, and MR. and MRS. MAZZOLA, and all other employees, agents or servants of the HCSO and THE CITY OF TAMPA, occurred under the color of state law.

57.   Prior to the institution of the instant action, Plaintiff complied with the presuit notice requirements of §768.28, Florida Statutes, as to Defendant, CITY OF TAMPA.

58.   Prior to the institution of the instant action, Plaintiff complied with the presuit notice requirements of §768.28, Florida Statutes, as to Defendant, DAVID GEE, AS SHERIFF OF HILLSBOROUGH COUNTY.

**- COUNT I -**

**False Arrest/False Imprisonment**
**(Acting in the Capacity as a Contractor Without a License)**

**vs. CITY OF TAMPA**
**(Per F.S. §768.28)**

Plaintiff, JAMES ROBERT SMITH, hereby sues the Defendant, CITY OF TAMPA, for

violation of §768.28, Florida Statutes, and, as grounds therefore, states as follows:

59.    Plaintiff, JAMES ROBERT SMITH, hereby sues the CITY OF TAMPA, for

violation of §768.28, Florida Statutes, and, as grounds therefore, states as follows.

60.    Plaintiff realleges and incorporates herein paragraphs 1-58, inclusive, hereinabove,

as if fully set forth herein.

61.    Defendant, DARROW, and other known and unknown employees, agents or servants

of the CITY, proximately caused the arrest, restraint and confinement of Plaintiff.

60.    Defendant, DARROW, and other known and unknown employees, agents or servants

of the CITY, did not have probable cause to believe that Plaintiff had committed the

criminal offense of Acting in the Capacity as a Contractor Without a Licencse, under

§489.127(1)(a)(b)(c) or (f), Florida Statutes, in that the facts and circumstances

known to DARROW, and other known and unknown employees, agents or servants

of the CITY, were not sufficient to cause a reasonably cautious person to believe that

Plaintiff had committed said alleged criminal offense.

12

61.   Defendant, DARROW, and other employees, agents or servants of the CITY, intentionally caused Plaintiff to be arrested, restrained and confined for the aforesaid alleged criminal offense.

62.   Defendant, DARROW, and other agents, employees or servants of the CITY, either purposely caused Plaintiff's arrest, restraint and confinement or otherwise acted with knowledge that Plaintiff's arrest, restraint and imprisonment would be substantially certain to occur.

63.   The arrest, restraint and confinement of Plaintiff was against Plaintiff's will, and was unlawful, unreasonable, and without color of lawful authority.

64.   The actions and omissions of DARROW, and other known and unknown agents, employees or servants of the CITY, which proximately caused the arrest, restraint and confinement of Plaintiff, were committed and occurred during the course and scope of their respective agency or employment with the CITY OF TAMPA.

65.   As a direct and proximate result of the actions and omissions of DARROW, and other known and unknown agents, employee or servants of Defendant, CITY, Plaintiff has been brought into public scandal, suffered great humiliation, mental suffering and damaged reputation.

66.   As a further direct and proximate result of the actions and omissions of DARROW, and other known and unknown agents, employees or servants of the CITY, Plaintiff suffered a loss of liberty and freedom, mental anguish, loss of earnings, loss of capacity for the enjoyment of life, and lost and diminished economic opportunities.

67.   All of the aforementioned Plaintiff's losses are either continuing of permanent in

nature, and he will continue to suffer said losses in the future, all in violation of Plaintiff's rights.

WHEREFORE, Plaintiff, JAMES ROBERT SMITH, respectfully requests the entry of Judgment in his favor against Defendant, CITY OF TAMPA, for compensatory damages, costs incurred in this matter, such other relief as this Court deems just and appropriate, and demands trial by jury of all issues so triable.

### - COUNT II -

### False Arrest/False Imprisonment
### (Grand Theft)

### vs. CITY OF TAMPA
### (Per F.S. §768.28)

Plaintiff, JAMES ROBERT SMITH, hereby sues the Defendant, CITY OF TAMPA, for violation of §768.28, Florida Statutes, and, as grounds therefore, states as follows:

68.   Plaintiff, JAMES ROBERT SMITH, hereby sues the CITY OF TAMPA, for violation of §768.28, Florida Statutes, and, as grounds therefore, states as follows.

69.   Plaintiff realleges and incorporates herein paragraphs 1-58, inclusive, hereinabove, as if fully set forth herein.

70.   Defendant, DARROW, and other known and unknown employees, agents or servants of the CITY, proximately caused the arrest, restraint and confinement of Plaintiff.

71.   Defendant, DARROW, and other known and unknown employees, agents or servants of the CITY, did not have probable cause to believe that Plaintiff had committed the criminal offense of Grand Theft, under §812.014(2)(c)(1), Florida

14

Statutes, in that the facts and circumstances known to DARROW, and other

known and unknown employees, agents or servants of the CITY, were not

sufficient to cause a reasonably cautious person to believe that Plaintiff had

committed said alleged criminal offense.

72.    Defendant, DARROW, and other employees, agents or servants of the CITY,

intentionally caused Plaintiff to be arrested, restrained and confined for the

aforesaid alleged criminal offense.

73.    Defendant, DARROW, and other agents, employees or servants of the CITY,

either purposely caused Plaintiff's arrest, restraint and confinement or otherwise

acted with knowledge that Plaintiff's arrest, restraint and imprisonment would be

substantially certain to occur.

74.    The arrest, restraint and confinement of Plaintiff was against Plaintiff's will, and

was unlawful, unreasonable, and without color of lawful authority.

75.    The actions and omissions of DARROW, and other known and unknown agents,

employees or servants of the CITY, which proximately caused the arrest, restraint

and confinement of Plaintiff, were committed and occurred during the course and

scope of their respective agency or employment with the CITY OF TAMPA.

76.    As a direct and proximate result of the actions and omissions of DARROW, and

other known and unknown agents, employee or servants of Defendant, CITY,

Plaintiff has been brought into public scandal, suffered great humiliation, mental

suffering and damaged reputation.

77.    As a further direct and proximate result of the actions and omissions of

DARROW, and other known and unknown agents, employees or servants of the

CITY, Plaintiff suffered a loss of liberty and freedom, mental anguish, loss of

earnings, loss of capacity for the enjoyment of life, and lost and diminished

economic opportunities.

78.     All of the aforementioned Plaintiff's losses are either continuing of permanent in

nature, and he will continue to suffer said losses in the future, all in violation of

Plaintiff's rights.

WHEREFORE, Plaintiff, JAMES ROBERT SMITH, respectfully requests the entry of

Judgment in his favor against Defendant, CITY OF TAMPA, for compensatory damages, costs

incurred in this matter, such other relief as this Court deems just and appropriate, and demands

trial by jury of all issues so triable.

### - COUNT III -

### False Arrest/False Imprisonment
### (Acting in the Capacity as a Contractor Without a License)

### vs. WILLIAM DARROW, individually
### (Per 42 U.S.C. §1983)

Plaintiff, JAMES ROBERT SMITH, hereby sues the Defendant, WILLIAM DARROW,

individually, for violation of his Constitutional rights, and, as grounds therefore, states as

follows:

79.     Plaintiff realleges and incorporates paragraphs 1-56, inclusive, hereinabove, as if

fully set forth herein.

80.     The actions of Defendant, DARROW, individually, in causing the arrest, restraint

and confinement of Plaintiff, for Acting in the Capacity as a Contractor Without a

16

License, in the absence of probable cause, were taken in the absence of lawful

authority, and constitute the false arrest/false imprisonment of Plaintiff.

81.     The conduct of Defendant, DARROW, individually, towards Plaintiff was

objectively unreasonable and violated Plaintiff's clearly established rights under

the Fourth and Fourteenth Amendments of the United States Constitution, and 42

U.S.C. §1983, to be free from seizure and arrest in the absence of probable cause;

and deprivation of life, liberty or property without due process of law.

82.     Plaintiff is entitled to a reasonable attorney's fee pursuant to 42 U.S.C. §1988.

83.     As a direct and proximate result of the acts of the described herein, in violation of

42

U.S.C. §1983, Plaintiff has been brought into public scandal, suffered great

humiliation, mental suffering and damaged reputation.

84.     As a further direct and proximate result of the actions and omissions of

DARROW,

Plaintiff suffered a loss of liberty and freedom, mental anguish, loss of earnings,

loss of capacity for the enjoyment of life, and lost and diminished economic

opportunities.

85.     All of the aforementioned Plaintiff's losses are either continuing of permanent in

nature, and he will continue to suffer said losses in the future, all in violation of

Plaintiff's rights.

WHEREFORE, Plaintiff, JAMES ROBERT SMITH, respectfully requests that this

Honorable Court enter judgment against, WILLIAM DARROW, for compensatory damages,

punitive damages, the costs incurred in bringing the instant action, a reasonable attorney's fees, and any other relief this Court deems equitable and just.

## - COUNT IV -

### False Arrest/False Imprisonment
### (Grand Theft)

### vs. WILLIAM DARROW, individually
### (Per 42 U.S.C. §1983)

Plaintiff, JAMES ROBERT SMITH, hereby sues the Defendant, WILLIAM DARROW, individually, for violation of his Constitutional rights, and, as grounds therefore, states as follows:

86.  Plaintiff realleges and incorporates paragraphs 1-56, inclusive, hereinabove, as if fully set forth herein.

87.  The actions of Defendant, DARROW, individually, in causing the arrest, restraint and confinement of Plaintiff, for Grand Theft, in the absence of probable cause, were taken in the absence of lawful authority, and constitute the false arrest/false imprisonment of Plaintiff.

88.  The conduct of Defendant, DARROW, individually, towards Plaintiff was objectively unreasonable and violated Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. §1983, to be free from seizure and arrest in the absence of probable cause; and deprivation of life, liberty or property without due process of law.

89.  Plaintiff is entitled to a reasonable attorney's fee pursuant to 42 U.S.C. §1988.

18

90.     As a direct and proximate result of the acts of the described herein, in violation of

42

U.S.C. §1983, Plaintiff has been brought into public scandal, suffered great

humiliation, mental suffering and damaged reputation.

91.     As a further direct and proximate result of the actions and omissions of

DARROW,

Plaintiff suffered a loss of liberty and freedom, mental anguish, loss of earnings,

loss of capacity for the enjoyment of life, and lost and diminished economic

opportunities.

92.     All of the aforementioned Plaintiff's losses are either continuing of permanent in

nature, and he will continue to suffer said losses in the future, all in violation of

Plaintiff's rights.

WHEREFORE, Plaintiff, JAMES ROBERT SMITH, respectfully requests that this

Honorable Court enter judgment against, WILLIAM DARROW, for compensatory damages,

punitive damages, the costs incurred in bringing the instant action, a reasonable attorney's fees,

and any other relief this Court deems equitable and just.

**- COUNT V -**

**False Arrest/False Imprisonment**
**(Acting in the Capacity as a Contractor Without a License)**

**vs. DAVID GEE, as Sheriff of Hillsborough County, HILLSBOROUGH COUNTY, and**
**HILLSBOROUGH COUNTY SHERIFF'S OFFICE**
**(Per F.S. §768.28)**

Plaintiff, JAMES ROBERT SMITH, hereby sues the Defendants, DAVID GEE, as

Sheriff of Hillsborough County, HILLSBOROUGH COUNTY, and HILLSBOROUGH

COUNTY SHERIFF'S OFFICE for violation of §768.28, Florida Statutes, and, as grounds therefore, states as follows:

93.  Plaintiff, JAMES ROBERT SMITH, hereby sues DAVID GEE, as Sheriff of Hillsborough County, HILLSBOROUGH COUNTY, and HILLSBOROUGH COUNTY SHERIFF'S OFFICE, for violation of §768.28, Florida Statutes, and, as grounds therefore, states as follows.

94.  Plaintiff realleges and incorporates herein paragraphs 1-58, inclusive, hereinabove, as if fully set forth herein.

95.  Defendant, LOSAT, and other known and unknown employees, agents or servants thereof, while acting in the course and scope of their respective employment or agency with DAVID GEE, as Sheriff of Hillsborough County, HILLSBOROUGH COUNTY, and HILLSBOROUGH COUNTY SHERIFF'S OFFICE, proximately caused the arrest, restraint and confinement of Plaintiff.

96.  Defendant, LOSAT, and other known and unknown employees, agents or servants of DAVID GEE, as Sheriff of Hillsborough County, HILLSBOROUGH COUNTY, and HILLSBOROUGH COUNTY SHERIFF'S OFFICE, did not have probable cause to believe that Plaintiff had committed the criminal offense of Acting in the Capacity as a Contractor Without a Licencse, under §489.127(1)(a)(b)(c) or (f), Florida Statutes, in that the facts and circumstances known to LOSAT, and other known and unknown employees, agents or servants of DAVID GEE, as Sheriff of Hillsborough County, HILLSBOROUGH COUNTY, and HILLSBOROUGH COUNTY SHERIFF'S OFFICE, were not sufficient to cause a reasonably cautious

person to believe that Plaintiff had committed said alleged criminal offense.

97.    Defendant, LOSAT, and other employees, agents or servants of DAVID GEE, as Sheriff of Hillsborough County, HILLSBOROUGH COUNTY, and HILLSBOROUGH COUNTY SHERIFF'S OFFICE, intentionally caused Plaintiff to be arrested, restrained and confined for the aforesaid alleged criminal offense.

98.    Defendant, LOSAT, and other agents, employees or servants of DAVID GEE, as Sheriff of Hillsborough County, HILLSBOROUGH COUNTY, and HILLSBOROUGH COUNTY SHERIFF'S OFFICE, either purposely caused Plaintiff's arrest, restraint and confinement or otherwise acted with knowledge that Plaintiff's arrest, restraint and imprisonment would be substantially certain to occur.

99.    The arrest, restraint and confinement of Plaintiff was against Plaintiff's will, and was unlawful, unreasonable, and without color of lawful authority.

100.   The actions and omissions of LOSAT, and other known and unknown agents, employees or servants of DAVID GEE, as Sheriff of Hillsborough County, HILLSBOROUGH COUNTY, and HILLSBOROUGH COUNTY SHERIFF'S OFFICE, which proximately caused the arrest, restraint and confinement of Plaintiff, were committed and occurred during the course and scope of their respective agency or employment with DAVID GEE, as Sheriff of Hillsborough County, HILLSBOROUGH COUNTY, and HILLSBOROUGH COUNTY SHERIFF'S OFFICE.

101.   As a direct and proximate result of the actions and omissions of LOSAT, and other known and unknown agents, employee or servants of Defendants, DAVID GEE, as

Sheriff of Hillsborough County, HILLSBOROUGH COUNTY, and HILLSBOROUGH COUNTY SHERIFF'S OFFICE, Plaintiff has been brought into public scandal, suffered great humiliation, mental suffering and damaged reputation.

102. As a further direct and proximate result of the actions and omissions of LOSAT, and other known and unknown agents, employees or servants of DAVID GEE, as Sheriff of Hillsborough County, HILLSBOROUGH COUNTY, and HILLSBOROUGH COUNTY SHERIFF'S OFFICE, Plaintiff suffered a loss of liberty and freedom, mental anguish, loss of earnings, loss of capacity for the enjoyment of life, and lost and diminished economic opportunities.

103. All of the aforementioned Plaintiff's losses are either continuing of permanent in nature, and he will continue to suffer said losses in the future, all in violation of Plaintiff's rights.

WHEREFORE, Plaintiff, JAMES ROBERT SMITH, respectfully requests the entry of Judgment in his favor against Defendants, DAVID GEE, as Sheriff of Hillsborough County, HILLSBOROUGH COUNTY, and HILLSBOROUGH COUNTY SHERIFF'S OFFICE, for compensatory damages, costs incurred in this matter, such other relief as this Court deems just and appropriate, and demands trial by jury of all issues so triable.

**- COUNT VI -**

**False Arrest/False Imprisonment**
**(Grand Theft)**

**vs. DAVID GEE, as Sheriff of Hillsborough County, HILLSBOROUGH COUNTY, and HILLSBOROUGH COUNTY SHERIFF'S OFFICE**
**(Per F.S. §768.28)**

Plaintiff, JAMES ROBERT SMITH, hereby sues the Defendants, DAVID GEE, as Sheriff of Hillsborough County, HILLSBOROUGH COUNTY, and HILLSBOROUGH COUNTY SHERIFF'S OFFICE for violation of §768.28, Florida Statutes, and, as grounds therefore, states as follows:

104.   Plaintiff, JAMES ROBERT SMITH, hereby sues DAVID GEE, as Sheriff of Hillsborough County, HILLSBOROUGH COUNTY, and HILLSBOROUGH COUNTY SHERIFF'S OFFICE, for violation of §768.28, Florida Statutes, and, as grounds therefore, states as follows.

105.   Plaintiff realleges and incorporates herein paragraphs 1-58, inclusive, hereinabove, as if fully set forth herein.

106.   Defendant, LOSAT, and other known and unknown employees, agents or servants of DAVID GEE, as Sheriff of Hillsborough County, HILLSBOROUGH COUNTY, and HILLSBOROUGH COUNTY SHERIFF'S OFFICE, proximately caused the arrest, restraint and confinement of Plaintiff.

107.   Defendant, LOSAT, and other known and unknown employees, agents or servants of DAVID GEE, as Sheriff of Hillsborough County, HILLSBOROUGH COUNTY, and HILLSBOROUGH COUNTY SHERIFF'S OFFICE, did not have probable cause to believe that Plaintiff had committed the criminal offense of Grand Theft, under §812.014(2)(c)(1), Florida Statutes, in that the facts and circumstances known to DARROW, and other known and unknown employees, agents or servants of DAVID GEE, as Sheriff of Hillsborough County, HILLSBOROUGH COUNTY, and HILLSBOROUGH COUNTY SHERIFF'S

23

OFFICE, were not sufficient to cause a reasonably cautious person to believe that Plaintiff had committed said alleged criminal offense.

108. Defendant, LOSAT, and other employees, agents or servants of DAVID GEE, as Sheriff of Hillsborough County, HILLSBOROUGH COUNTY, and HILLSBOROUGH COUNTY SHERIFF'S OFFICE, intentionally caused Plaintiff to be arrested, restrained and confined for the aforesaid alleged criminal offense.

109. Defendant, LOSAT, and other agents, employees or servants of DAVID GEE, as Sheriff of Hillsborough County, HILLSBOROUGH COUNTY, and HILLSBOROUGH COUNTY SHERIFF'S OFFICE, either purposely caused Plaintiff's arrest, restraint and confinement or otherwise acted with knowledge that Plaintiff's arrest, restraint and imprisonment would be substantially certain to occur.

110. The arrest, restraint and confinement of Plaintiff was against Plaintiff's will, and was unlawful, unreasonable, and without color of lawful authority.

111. The actions and omissions of LOSAT, and other known and unknown agents, employees or servants of DAVID GEE, as Sheriff of Hillsborough County, HILLSBOROUGH COUNTY, and HILLSBOROUGH COUNTY SHERIFF'S OFFICE, which proximately caused the arrest, restraint and confinement of Plaintiff, were committed and occurred during the course and scope of their respective agency or employment with DAVID GEE, as Sheriff of Hillsborough County, HILLSBOROUGH COUNTY, and HILLSBOROUGH COUNTY

SHERIFF'S OFFICE.

112.    As a direct and proximate result of the actions and omissions of LOSAT, and other known and unknown agents, employee or servants of Defendants, DAVID GEE, as Sheriff of Hillsborough County, HILLSBOROUGH COUNTY, and HILLSBOROUGH COUNTY SHERIFF'S OFFICE, Plaintiff has been brought into public scandal, suffered great humiliation, mental suffering and damaged reputation.

113.    As a further direct and proximate result of the actions and omissions of LOSAT, and other known and unknown agents, employees or servants of DAVID GEE, as Sheriff of Hillsborough County, HILLSBOROUGH COUNTY, and HILLSBOROUGH COUNTY SHERIFF'S OFFICE, Plaintiff suffered a loss of liberty and freedom, mental anguish, loss of earnings, loss of capacity for the enjoyment of life, and lost and diminished economic opportunities.

114.    All of the aforementioned Plaintiff's losses are either continuing of permanent in nature, and he will continue to suffer said losses in the future, all in violation of Plaintiff's rights.

WHEREFORE, Plaintiff, JAMES ROBERT SMITH, respectfully requests the entry of Judgment in his favor against Defendants, DAVID GEE, as Sheriff of Hillsborough County, HILLSBOROUGH COUNTY, and HILLSBOROUGH COUNTY SHERIFF'S OFFICE, for compensatory damages, costs incurred in this matter, such other relief as this Court deems just and appropriate, and demands trial by jury of all issues so triable.

## - COUNT VII -

### Abuse of Process

### vs. DAVID GEE, as Sheriff of Hillsborough County, HILLSBOROUGH COUNTY, and HILLSBOROUGH COUNTY SHERIFF'S OFFICE
### (Per F.S. §768.28)

Plaintiff, JAMES ROBERT SMITH, hereby sues the Defendants, DAVID GEE, as

Sheriff of Hillsborough County, HILLSBOROUGH COUNTY, and HILLSBOROUGH

COUNTY SHERIFF'S OFFICE for violation of §768.28, Florida Statutes, and, as grounds

therefore, states as follows:

115.    Plaintiff realleges and incorporates paragraphs 1-58, inclusive, hereinabove, as if
fully set forth herein.

116.    The actions of Defendant, LOSAT, as an employee or agent, acting within the
course and scope of his employment or agency with DAVID GEE, as Sheriff of
Hillsborough County, HILLSBOROUGH COUNTY, and HILLSBOROUGH
COUNTY SHERIFF'S OFFICE, was an illegal, improper or perverted use of
process.

117.    The aforementioned illegal, improper or perverted process by said Defendants
was for an ulterior motive, to wit: to enforce collection from Plaintiff of a civil
debt which Plaintiff did not even owe.

118.    As a further direct and proximate result of the actions and omissions of the
aforementioned Defendants, Plaintiff suffered a loss of liberty and freedom,
mental anguish, loss of earnings, loss of capacity for the enjoyment of life, and
lost and diminished economic opportunities.

119.    All of the aforementioned Plaintiff's losses are either continuing of permanent in nature, and he will continue to suffer said losses in the future, all in violation of Plaintiff's rights.

WHEREFORE, Plaintiff, JAMES ROBERT SMITH, respectfully requests that this Honorable Court enter judgment against Defendants, DAVID GEE, as Sheriff of Hillsborough County, HILLSBOROUGH COUNTY, and HILLSBOROUGH COUNTY SHERIFF'S OFFICE,  for compensatory damages, the costs incurred in bringing the instant action, and any other relief this Court deems equitable and just.

### - COUNT VIII -

### Abuse of Process

### vs. CITY OF TAMPA
### (Per F.S. §768.28)

Plaintiff, JAMES ROBERT SMITH, hereby sues the Defendant, CITY OF TAMPA, for violation of §768.28, Florida Statutes, and, as grounds therefore, states as follows:

120.    Plaintiff realleges and incorporates paragraphs 1-58, inclusive, hereinabove, as if fully set forth herein.

121.    The actions of Defendant, DARROW, as an employee or agent, acting within the course and scope of his employment or agency with the CITY OF TAMPA, was an illegal, improper or perverted use of process.

122.    The aforementioned illegal, improper or perverted process by said Defendants was for an ulterior motive, to wit: to enforce collection from Plaintiff of a civil debt which Plaintiff did not even owe.

27

123. As a further direct and proximate result of the actions and omissions of the aforementioned Defendants, Plaintiff suffered a loss of liberty and freedom, mental anguish, loss of earnings, loss of capacity for the enjoyment of life, and lost and diminished economic opportunities.

124. All of the aforementioned Plaintiff's losses are either continuing of permanent in nature, and he will continue to suffer said losses in the future, all in violation of Plaintiff's rights.

WHEREFORE, Plaintiff, JAMES ROBERT SMITH, respectfully requests that this Honorable Court enter judgment against Defendant, CITY OF TAMPA, for compensatory damages, the costs incurred in bringing the instant action, and any other relief this Court deems equitable and just.

## - COUNT IX -

### vs. FRANK LOSAT, individually
### (Per 42 U.S.C. §1983)

Plaintiff, JAMES ROBERT SMITH, hereby sues the Defendant, FRANK LOSAT, individually, for violation of his Constitutional rights, and, as grounds therefore, states as follows:

125. Plaintiff realleges and incorporates paragraphs 1-56, inclusive, hereinabove, as if fully set forth herein.

126. The actions of Defendant, LOSAT, as aforesaid, against Defendant, in the absence of probable cause, were taken in the absence of lawful authority, were objectively unreasonable and violated Plaintiff's clearly established rights under

28

the Fourth and Fourteenth Amendments of the United States Constitution, and 42

U.S.C. §1983, to be free from seizure and arrest in the absence of probable cause;

and deprivation of life, liberty or property without due process of law.

127.   Plaintiff is entitled to a reasonable attorney's fee pursuant to 42 U.S.C. §1988.

128.   As a direct and proximate result of the acts of the described herein, in violation of

42

U.S.C. §1983, Plaintiff has been brought into public scandal, suffered great

humiliation, mental suffering and damaged reputation.

129.   As a further direct and proximate result of the actions and omissions of LOSAT,

Plaintiff suffered a loss of liberty and freedom, mental anguish, loss of earnings,

loss of capacity for the enjoyment of life, and lost and diminished economic

opportunities.

130.   All of the aforementioned Plaintiff's losses are either continuing of permanent in

nature, and he will continue to suffer said losses in the future, all in violation of

Plaintiff's rights.

WHEREFORE, Plaintiff, JAMES ROBERT SMITH, respectfully requests that this

Honorable Court enter judgment against, FRANK LOSAT, for compensatory damages, punitive

damages, the costs incurred in bringing the instant action, a reasonable attorney's fees, and any

other relief this Court deems equitable and just.

29

**- COUNT X -**

**Malicious Prosecution**
**(Acting in the Capacity of a Contractor Without A License)**

**vs. WILLIAM DARROW, individually**
**(42 U.S.C. §1983)**

Plaintiff, JAMES ROBERT SMITH, hereby sues the Defendant, WILLIAM DARROW,

individually, for violation of his Constitutional rights, and, as grounds therefore, states as

follows:

131.    Plaintiff realleges and incorporates paragraphs 1-56, inclusive, hereinabove, as if

fully set forth herein.

132.    The actions of Defendant, DARROW, proximately caused, with malice, a

criminal

proceeding to be initiated or continued against Plaintiff, to wit, the charge of

Acting in the Capacity of a Contractor Without a License.

133.    The subject criminal proceeding was initiated or continued in the absence of

probable

cause, as more specifically set forth hereinabove.

134.    The subject criminal proceeding resulted in a bona fide termination in favor of

Plaintiff in that the Court entered an order dismissing Count II, Acting in the

Capacity of a Contractor Without a License.

135.    The conduct of Defendant, DARROW, individually, towards Plaintiff was

objectively unreasonable and violated Plaintiff's clearly established rights under

the Fourth and Fourteenth Amendments of the United States Constitution, and 42

U.S.C. §1983, to be free from seizure and arrest in the absence of probable cause;

and deprivation of life, liberty or property without due process of law.

136.    Plaintiff is entitled to a reasonable attorney's fee pursuant to 42 U.S.C. §1988.

137.    As a direct and proximate result of the acts of the described herein, in violation of

42

U.S.C. §1983, Plaintiff has been brought into public scandal, suffered great

humiliation, mental suffering and damaged reputation.

138.    As a further direct and proximate result of the actions and omissions of

DARROW,

Plaintiff suffered a loss of liberty and freedom, mental anguish, loss of earnings,

loss of capacity for the enjoyment of life, and lost and diminished economic

opportunities.

139.    All of the aforementioned Plaintiff's losses are either continuing of permanent in

nature, and he will continue to suffer said losses in the future, all in violation of

Plaintiff's rights.

WHEREFORE, Plaintiff, JAMES ROBERT SMITH, respectfully requests that this

Honorable Court enter judgment against WILLIAM DARROW, for compensatory damages,

punitive damages, the costs incurred in bringing the instant action, a reasonable attorney's fees,

and any other relief this Court deems equitable and just.

**- COUNT XI -**

**Malicious Prosecution**
**(Grand Theft)**

**vs. WILLIAM DARROW, individually**
**(42 U.S.C. §1983)**

Plaintiff, JAMES ROBERT SMITH, hereby sues the Defendant, WILLIAM DARROW, individually, for violation of his Constitutional rights, and, as grounds therefore, states as follows:

140.   Plaintiff realleges and incorporates paragraphs 1-56, inclusive, hereinabove, as if fully set forth herein.

141.   The actions of Defendant, DARROW, proximately caused, with malice, a criminal

proceeding to be initiated or continued against Plaintiff, to wit, the charge of Grand Theft.

142.   The subject criminal proceeding was initiated or continued in the absence of probable

cause, as more specifically set forth hereinabove.

143.   The subject criminal proceeding resulted in a bona fide termination in favor of Plaintiff in that the Office of the State Attorney dismissed (Nolle Prossed) Count I, Grand Theft.

144.   The conduct of Defendant, DARROW, individually, towards Plaintiff was objectively unreasonable and violated Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments of the United States Constitution, and 42

32

U.S.C. §1983, to be free from seizure and arrest in the absence of probable cause;

and deprivation of life, liberty or property without due process of law.

145.   Plaintiff is entitled to a reasonable attorney's fee pursuant to 42 U.S.C. §1988.

146.   As a direct and proximate result of the acts of the described herein, in violation of

42

U.S.C. §1983, Plaintiff has been brought into public scandal, suffered great

humiliation, mental suffering and damaged reputation.

147.   As a further direct and proximate result of the actions and omissions of

DARROW,

Plaintiff suffered a loss of liberty and freedom, mental anguish, loss of earnings,

loss of capacity for the enjoyment of life, and lost and diminished economic

opportunities.

148.   All of the aforementioned Plaintiff's losses are either continuing of permanent in

nature, and he will continue to suffer said losses in the future, all in violation of

Plaintiff's rights.

WHEREFORE, Plaintiff, JAMES ROBERT SMITH, respectfully requests that this

Honorable Court enter judgment against WILLIAM DARROW, for compensatory damages,

punitive damages, the costs incurred in bringing the instant action, a reasonable attorney's fees,

and any other relief this Court deems equitable and just.


**- COUNT XII -**

**Breach of Contract**

33

**vs. ALAN MAZZOLA**

Plaintiff, JAMES ROBERT SMITH, hereby sues the Defendant, ALAN MAZZOLA, for breach of contract and, as grounds therefore, states as follows:

149. Plaintiff realleges and incorporates paragraphs 1-56, inclusive, hereinabove, as if fully set forth herein.

150. Plaintiff and Defendant, MR. MAZZOLA, entered into the written contract attached hereto as "Exhibit A".

151. Plaintiff performed all material provisions of said contract, was ready, willing and able to complete performance of all obligations thereunder, but Defendant, MR. MAZZOLA failed and refused to complete his obligations thereunder by failing to provide Plaintiff necessary information for Plaintiff to install the subject sign.

152. Defendant failed to pay to Plaintiff the $1,900.00 balance due and owing Plaintiff pursuant to and in accordance with said Contract.

153. Plaintiff is entitled to a reasonable attorney's fee and costs pursuant to said Contract.

WHEREFORE, Plaintiff, JAMES ROBERT SMITH, respectfully requests that this Honorable Court enter judgment against Defendant, ALAN MAZZOLA, for compensatory damages, the costs incurred in bringing the instant action, a reasonable attorney's fees, and any other relief this Court deems equitable and just.

**- COUNT XIII -**

**vs. ALAN MAZZOLA and DONNA MAZZOLA**

34

**(Malicious Prosecution)**

Plaintiff, JAMES ROBERT SMITH, hereby sues the Defendants, ALAN MAZZOLA and

DONNA MAZZOLA, for malicious prosecution and, as grounds therefore, states as follows:

154.   Plaintiff realleges and incorporates paragraphs 1-56, inclusive, hereinabove, as if

fully set forth herein.

155.   The actions of Defendant, DARROW, proximately caused, with malice, a criminal

proceeding to be initiated or continued against Plaintiff, to wit, the charges of Acting

in the Capacity of a Contractor Without a License, and Grand Theft.

156.   The subject criminal proceeding was initiated or continued in the absence of

probable

cause, as more specifically set forth hereinabove.

157.   The subject criminal proceeding resulted in a bona fide termination in favor of

Plaintiff in that the Court entered an order dismissing Count II, Acting in the

Capacity of a Contractor Without a License, and the Office of the State Attorney

dismissed (Nolle Prossed) Count I, Grand Theft.

158.   As a direct and proximate result of the Defendants' acts described herein, Plaintiff

has been brought into public scandal, suffered great humiliation, mental suffering

and damaged reputation.

159.   As a further direct and proximate result of the actions and omissions of Defendants

herein, Plaintiff suffered a loss of liberty and freedom, mental anguish, loss of

earnings, loss of capacity for the enjoyment of life, and lost and diminished

economic opportunities.

35

160.   All of the aforementioned Plaintiff's losses are either continuing of permanent in nature, and he will continue to suffer said losses in the future, all in violation of Plaintiff's rights.

WHEREFORE, Plaintiff, JAMES ROBERT SMITH, respectfully requests that this Honorable Court enter judgment against ALAN MAZZOLA and DONNA MAZZOLA, for compensatory damages, punitive damages, the costs incurred in bringing the instant action, and any other relief this Court deems equitable and just.

I HEREBY CERTIFY that a true copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to CHRISTOPHER E. BROWN, ESQ., 2008 East 8th Avenue, Post Office Box 3371, Tampa, Florida 33601, Counsel for Defendants, Losat, Gee and Hillsborough County Sheriff's Office; URSULA D. RICHARDSON, ESQ., Assistant City Attorney, 5th Floor, City Hall, 315 E. Kennedy Boulevard, Tampa, Florida 33602,Counsel for Defendant, City of Tampa; and by U.S. Mail to MR. ALAN LEO MAZZOLA and MRS. DONNA MAZZOLA, 10201 Garden Alcove Drive, Tampa, Florida 33647-3134 this 22nd day of December, 2008.

/s/  T. Patton Youngblood, Jr.
T. PATTON YOUNGBLOOD, JR., Esquire
YOUNGBLOOD LAW FIRM
106 S. Tampania Avenue, Suite 100
Tampa, Florida  33609
Phone:  (813) 258-5883
Fax:      (813) 258-0732
Attorneys for Plaintiffs
Fla. Bar No.: 0849243
Email: patton@youngbloodlaw.com